CHARLES E. PROCTOR, Appellant, *v.* GARDNER W. BROWN, Respondent, Impleaded with CHARLES A. MORSE and JAMES F. A. CLARK, Individually and as Copartners Doing Business under the Firm Name of CHARLES A. MORSE & Co., Defendants.

First Department, May 4, 1917.

Fraud — action for fraud in inducing purchase of bonds and in influencing plaintiff not to bring suit — pleading — sufficiency of complaint — failure to allege resulting damage.

Where a plaintiff alleges that he purchased bonds of a firm of stockbrokers, consisting of three members; that said purchase was made upon their false representations in material matters affecting the value of said bonds which were worthless, and that plaintiff in making said purchase relied upon said representations and was thereby damaged, and in a subsequent paragraph alleges that after one of the defendants had left

the firm the other defendants, for the purpose of further deceiving the plaintiff and of calming his fears as to his investment, made other false and fraudulent representations in respect of said bonds to induce the plaintiff not to bring suit, said further allegations are insufficient to constitute a second cause of action against the remaining members of the firm because of the failure to allege any damage resulting from said false representations. Hence, the complaint is not demurrable upon the ground that it states two causes of action affecting different parties defendant.

APPEAL by the plaintiff, Charles E. Proctor, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1914, sustaining a demurrer to the amended complaint and dismissing the same as to respondent.

*Charles O. Maas,* for the appellant.

*William C. Cammann,* for the respondent.

SMITH, J.:

The Special Term has held that this complaint states two causes of action affecting different parties defendant, and, therefore, improperly joined. The three defendants Morse, Clark and Brown, prior to September, 1910, constituted the firm of Charles A. Morse & Co., and were engaged in business as stock and bond brokers. The plaintiff alleges that in 1909 he purchased of the said firm $50,000 of Tilton Mills bonds and that said purchase was made upon their false representations in material matters affecting the value of said bonds; that the said bonds were worthless, and that the plaintiff in making said purchase relied upon such representations and was thereby damaged. In the 13th paragraph of the complaint the plaintiff further alleges that after September, 1910, and after the defendant Brown had left the firm the defendants Morse and Clark, "for the purpose of further deceiving the plaintiff and of calming his fears and as to the investment that had been made by him," made certain other false and fraudulent representations in respect of said bonds. The plaintiff further alleges that he believed those statements and representations to be true, and that they were made "to induce the plaintiff to remain content with his investment and not to bring suit against defendants by reason of their fraud perpetrated

upon him." The statement of the representations made after the defendant Brown left the firm is claimed by the defendants to constitute a second cause of action, improperly joined with the first cause of action because of the fact that the defendant Brown was in no way connected therewith. We are unable to find in the matters alleged to have occurred after September, 1910, the elements of a cause of action. It is true that the false representations are stated and their purpose to induce the plaintiff to remain content with his investment and not to bring suit against defendants thereupon. There is no allegation, however, that the plaintiff was induced by these representations not to bring action for the fraud theretofore existing, nor is there any allegation that by reason of such false representations the plaintiff has suffered any damage whatever. The court cannot assume that the plaintiff would have been in a better condition if action had been more promptly brought, and cannot assume that the damages which would naturally follow from the fraud practiced upon him in 1909 have been in any way enhanced by the fraud practiced upon him after Brown left the firm. Even though plaintiff had alleged that he refrained from bringing action against the defendants in reliance upon such representations, he has failed to allege any injury therefrom, which is a necessary element in an action for fraud. With these two necessary allegations lacking it cannot be held that a second cause of action is stated. The matters alleged could not be proven upon the trial, and were improperly included in the complaint.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the plaintiff's motion for judgment granted, with ten dollars costs, with leave, however, to defendant to withdraw demurrer and answer on payment of costs of the demurrer in this court and Special Term.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to defendant to withdraw demurrer and answer on payment of costs.