ANNA C. MAHON, Respondent, *v.* THE EQUITABLE TRUST
COMPANY OF NEW YORK, as Executor of and Trustee under
the Last Will and Testament of EDWARD COYNE, Deceased,
Appellant.

First Department, January 18, 1918.

**Pleading — action based upon fraud and deceit — complaint not
stating cause of action — when remedy of plaintiff is against
corporation and not against person who organized same — allega-
tions of fraud without damage resulting therefrom do not state
cause of action.**

A complaint which in substance alleges that the plaintiff's father and the
defendant's testator conducted a certain hotel as partners and that the
plaintiff and her sister succeeded to a one-half interest in the hotel property
by the death of their father and mother, and that the defendant sub-
sequently organized a corporation to which he sold the hotel pro perty
and falsely represented to the plaintiff that the value of the property was
much less than the sum received therefor, etc., and that the plaintiff,
relying on said false representation, accepted with her sister a sum of
money which did not represent their real interest in the property, and that
the plaintiff only discovered the fraud on the dissolution of the corpora-
tion, which made no accounting, etc., does not state a cause of action
against the defendant in that no damages are alleged and the moneys in
which the plaintiff claims to have an interest belong to the corporation,
not to the defendant, and her remedy is against it.

Mere allegations of fraud and deceit without damages flowing therefrom do
not state a cause of action.

APPEAL by the defendant, The Equitable Trust Company
of New York, as executor and trustee, from an order of the
Supreme Court, as resettled, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 4th day of October, 1917, overruling
defendant's demurrer to the complaint.

*John Delahunty*, for the appellant.

*William D. McNulty*, for the respondent.

LAUGHLIN, J.:

The demurrer was interposed on the ground that the com-
plaint fails to state facts sufficient to constitute a cause of
action.

The plaintiff alleges, in effect, that her father and defendant's testator Coyne owned the New Amsterdam Hotel on Fourth avenue, borough of Manhattan, N. Y., and the furniture and all personal property connected therewith, and conducted the hotel as partners; that her father died March 4, 1900, leaving a will by which he gave all his personal property and the income from the realty to his widow; that the widow and the deceased Coyne formed a partnership December 12, 1901, to continue the business and continued it until her death, intestate, on the 27th of May, 1909; that plaintiff and her sister, Mary H., were the only heirs at law and next of kin of their mother and succeeded to her interest in the copartnership and in the personal property and thereupon came into possession of an undivided one-half interest in the realty constituting the hotel property; that by the copartnership between Coyne and plaintiff's mother either was entitled to draw $50 a week but that Coyne did not let plaintiff draw anything after her mother's death and made no statement to plaintiff or to her sister with respect to the receipts, disbursements or profits of the hotel business, and falsely represented that there were no profits; that plaintiff and her sister being young and inexperienced relied on Coyne; that in January, 1911, he organized a corporation known as the " Edward Coyne Hotel Company " with a capital of $10,000 and the corporation took over the real and personal property constituting the hotel property which was then worth, over and above incumbrances, $150,000; that Coyne was president and treasurer of the hotel company and that in the name of the company he mortgaged the property for $45,000 for which he has not accounted to plaintiff and that he has not accounted to her for any money; that Coyne continued to manage the hotel without reporting to or advising with plaintiff, and on the 1st of December, 1911, sold it, realizing $92,500 over and above the mortgages and that about the same time he sold the furniture for $5,000; that on the 13th of December, 1911, Coyne informed plaintiff and her sister that their joint interest in all the property was $27,500, which was known to him to be false and was made with intent to deceive plaintiff and her sister and that they were deceived thereby, and that relying upon his representations they

accepted $27,500 as their share and that plaintiff did not discover the falsity of the representations until October, 1916; that the hotel company was dissolved, but that no accounting by it or its officers has ever been made or filed showing assets, debts or distribution. Plaintiff then demands judgment for $21,875 which is the aggregate of one-fourth of the mortgage for $45,000, one-fourth of the net proceeds of $92,500 on the sale of the hotel, and one-fourth of the $5,000 realized on the sale of the furniture.

Doubtless plaintiff would have an action against Coyne for an accounting until the organization of the corporation, but her attorney disclaims any such theory of liability, and manifestly the sister would be a necessary party thereto if that were its object. The attorney for the plaintiff insists that this is an action for damages for fraud and deceit; but no damages were shown and on the facts alleged all of the moneys in which plaintiff claims an interest belonged to the corporation, and if she has not received her full share her remedy is against the corporation. The plaintiff, on the facts alleged, must receive her share through the corporation. If, on the facts alleged, there was any liability on Coyne's part after the organization of the corporation it was to the corporation and enforcible by it alone. The plaintiff does not even allege that the corporation was insolvent. If Coyne received any money which belonged to the plaintiff, his executor could be called to account therefor and the plaintiff might recover it as for money had and received; but that is not alleged and the action is not brought on that theory. On the facts alleged the only capacity in which Coyne had a right to receive the money was as an officer and representative of the corporation and there is no appropriate allegation to show that he received it in any other capacity or that he appropriated it to his own use. If it be true that the share of the plaintiff and her sister was more than Coyne represented it to be, no damages are shown to have been caused thereby, for on the facts alleged their claims would still be good against the corporation or its trustees. It is fairly to be inferred, although not so alleged, that when the interests of plaintiff and her sister in the property were conveyed and assigned to the

corporation they became stockholders. Mere allegations of fraud and deceit without damages flowing therefrom do not constitute a cause of action. (*Proctor* v. *Brown*, 177 App. Div. 722.) There is no allegation that plaintiff parted with any consideration on Coyne's representation with respect to the amount to which she and her sister were entitled. It is not alleged that plaintiff on the strength of said representations released the corporation or anybody from liability to her for any greater amount.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and demurrer sustained with leave to plaintiff to plead over on payment of said costs within twenty days.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.